OPINION *Page 2 
{¶ 1} Defendant-Appellant, Michael L. Mosier appeals the September 26, 2008 decision of the Richland County Court of Common Pleas, Domestic Relations Division, to approve and adopt the Magistrate's Decision sentencing Appellant to ten days in jail for contempt. The facts giving rise to this appeal are as follows.
 {¶ 2} Appellant and Plaintiff-Appellee, Donna E. Mosier nka Eaton, were divorced on March 6, 2003. Appellant is a veteran of the United States Air Force. On April 17, 2006, the parties filed with the trial court a Military Qualifying Court Order. The Order stated that Appellant was receiving a military retirement benefit from the United States Air Force of which Appellee had an interest. Appellee was entitled to receive a portion of the retirement benefits in the amount of $924.71 per month.
 {¶ 3} On November 1, 2007, Appellant began receiving disability benefits. The receipt of the disability benefits had the effect of reducing the amount Appellee received in retirement benefits by $184.42 per month. The Military Qualifying Order provided for such contingencies, stating in paragraph 17 that if Appellant took any action that decreased the amount of sums to be paid to Appellee, Appellant was required to make direct payments to Appellee in an amount to neutralize the effects of the actions taken by Appellant. Further, paragraph 16 of the Order states,
 {¶ 4} "If in any month, direct payment is not made to Former Spouse by DFAS (or the appropriate military pay center) pursuant to the terms of this Order, Member shall pay the amounts called-for above directly to Former Spouse by the fifth day of each month in which the military pay center fails to do so, beginning on the date that Former Spouse would have otherwise been entitled to commence her payments. This *Page 3 
includes any amounts received by the Member in lieu of disposable retired pay, including but not limited to, any amounts waived by Member in order to receive Veterans Administration (ie: disability) benefits or any amounts received by Member as a result of an early-out provision, such as VSI or SSB benefits."
 {¶ 5} On November 27, 2007, Appellee filed a Motion in Contempt for Appellant's failure to comply with paragraphs 16 and 17 of the Military Qualifying Order. Appellee stated she was notified that effective November 1, 2007, her pension entitlement would be reduced to $740.29 per month due to Appellant's receipt of disability benefits. She argued the trial court should hold Appellant in contempt for his failure since November 5, 2007 to pay her directly $184.42 per month to neutralize the effect of the action taken by Appellant.
 {¶ 6} The matter was referred to the magistrate and a show cause hearing was held on January 24, 2008. By judgment entry issued February 19, 2008, the magistrate found Appellant in contempt for his failure to make up for the reduction in the amount of monthly benefit Appellee received by making direct payments to Appellee since she began receiving the reduced amount in November 2007. As a result of Appellant's contempt, the magistrate determined as follows:
 {¶ 7} "Defendant is sentenced to ten (10) days in the Richland County Jail; said sentence is suspended, and he shall purge his contempt by: (1) directly paying all past due sums owed through January 24, 2008, to Plaintiff within thirty days of this Decision; (2) Within thirty days of this Decision, taking whatever action is necessary, through the appropriate military pay center or otherwise, to cause payment to be made from the military pay center to Plaintiff in an additional amount that will compensate Plaintiff for *Page 4 
the amount her benefit has been diminished; 3) In the event the military pay center refuses to pay Plaintiff an additional amount that will compensate her for the reduction in her monthly benefit, the Defendant shall provide Plaintiff with written proof of that fact within ten days of receiving notice that the military will not do so. Defendant shall do nothing to cause the military to decline to make these additional payments."
 {¶ 8} Appellant filed objections to the Magistrate's Decision on April 18, 2008. Appellant objected to the finding of contempt and the jail sentence based upon the lack of the trial court's authority to require Appellant to have the military pay center pay Appellee an additional amount of her portion of the retirement benefits. The trial court overruled Appellant's objections and adopted the Magistrate's Decision on April 29, 2008.
 {¶ 9} On July 10, 2008, Appellee filed a Motion to Impose Contempt Order of February 19, 2008. In her motion, Appellee argued that while Appellant had complied with the first provision of the contempt decision in that Appellant had directly paid Appellee for the past due sums owed through January 24, 2008, Appellant had not complied with the second and third purge provisions of the Magistrate's Decision. A hearing on the motion was held before the magistrate on August 4, 2008. In his decision, the magistrate found that Appellant had not complied with the second and third purge provisions of the February 19, 2008 Magistrate's Decision. The magistrate acknowledged in his entry Appellant's argument that the second purge provision was futile because the military would not make additional payments to Appellee, but found that this argument could have been served with compliance with the third purge provision of receiving written notification from the military that the military would not *Page 5 
make such payments. The magistrate found Appellant had not demonstrated any defense for his failure to satisfy the purge conditions and imposed the ten-day jail sentence upon Appellant.
 {¶ 10} Appellant filed his objections to the Magistrate's Decision on September 2, 2008. Appellant did not file the transcript of the August 4, 2008 hearing with his objections. On September 26, 2008, the trial court overruled Appellant's objections and adopted the Magistrate's Decision.
 {¶ 11} It is from this decision Appellant now appeals.
 {¶ 12} Appellant raises four Assignments of Error:
 {¶ 13} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN IMPOSING THE JAIL SENTENCE FOR CONTEMPT WHERE THE PURGE TERMS WERE IMPOSSIBLE TO COMPLY WITH.
 {¶ 14} "II. THE TRIAL COURT ERRED IN CREATING FACTS TO SUPPORT ITS ADOPTION OF THE MAGISTRATE'S DECISION WHEN IT DID NOT CONDUCT THE TRIAL AND NO TRANSCRIPT WAS PROVIDED.
 {¶ 15} "III. THE TRIAL COURT ERRED IN IMPOSING A SENTENCE BASED UPON CONSIDERATIONS OTHER THAN COMPLIANCE WITH THE PURGE CONDITIONS THEREBY DENYING HIM OF DUE PROCESS.
 {¶ 16} "IV. THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION WHERE TWO OF THE THREE PURGE CONDITIONS WERE INDEFINITE AND DID NOT PERMIT A TRUE OPPORTUNITY FOR PURGING THE CONTEMPT." *Page 6 
 I., IV. {¶ 17} Appellant's first and fourth Assignments of Error are interrelated and we will review them simultaneously. Appellant argues the trial court erred by imposing the jail sentence for contempt because compliance with the second and third purge provisions of the contempt order were impossible.
 {¶ 18} An appellate court's standard of review of a trial court's contempt finding is abuse of discretion. State ex rel. Celebrezze v.Gibbs (1991), 60 Ohio St.3d 69, 573 N.E.2d 62. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 19} The parties agree that the contempt at issue in the present case is civil in nature. The sanction for a civil contempt must give the contemnor an opportunity to purge himself of the contempt. Tucker v.Tucker (1983), 10 Ohio App.3d 251, 461 N.E.2d 1337. The trial court abuses its discretion in ordering purge conditions which are unreasonable or where compliance is impossible. In re Purola (1991),73 Ohio App.3d 306, 313, 596 N.E.2d 1140.
 {¶ 20} In the Magistrate's Decision issued August 5, 2008, the magistrate found that Appellant had not complied with the second and third purge provisions. As stated above, the second provision required that Appellant take the necessary actions to cause the military pay center to pay Appellee an additional amount to compensate Appellee for her reduction in retirement benefits. The third provision required Appellant, in the event the military pay center refused to pay Appellee additional compensation, to provide Appellant written proof of such refusal. *Page 7 
 {¶ 21} Appellant argues in his brief that compliance with the second provision is impossible pursuant to 38 U.S.C. § 5301 which states that payments of benefits shall not be assignable. Because of this impossibility, Appellant did not attempt compliance with the second or third purge provision. He stated in his objections to the Magistrate's Decision that, "he did not send such a request to the military pay center."
 {¶ 22} "[A] person charged with contempt for a violation of a court order may defend by proving that it was not within his power to obey the order." In re Purola, supra. "However, the person who seeks to establish the defense of impossibility bears the burden of satisfying the court that his failure to obey was due to his inability to render obedience." Id. The findings of the magistrate stated that Appellant failed to demonstrate a valid defense for his failure to satisfy the purge conditions. The magistrate's findings of fact are most relevant to our analysis because Appellant did not submit a transcript of the August 4, 2008 hearing to the trial court when he objected to the Magistrate's Decision.
 {¶ 23} Civ. R. 53(D)(3)(b)(iii) provides for proceedings in matters referred to magistrates, and states in pertinent part:
 {¶ 24} "(3) Magistrate's decision; objections to magistrate's decision.
 {¶ 25} "(iii) Objection to magistrate's factual finding; transcript or affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the *Page 8 
transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections. . . ."
 {¶ 26} When the objecting party fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal. Doane v. Doane (May 2, 2001), Guernsey App. No. 00CA21, 2001 WL 474267.
 {¶ 27} The magistrate found that, "Defendant argues that these conditions required the performance of futile acts because the military would not make such payments, and therefore, were essentially invalid purge conditions." (Magistrate's Decision, Aug. 5, 2008) Assumingarguendo that pursuant to federal law, the military pay center would not increase Appellee's compensation, we find the trial court did not abuse its discretion in adopting the magistrate's determination of contempt based upon Appellant's failure to comply with the third purge provision. As the magistrate stated, "[Appellant] assumes the purge condition is obviated by the (alleged) fact that the military will not pay; the purge condition, however, is satisfied by the provision of written documentation stating that the military will not pay. He did not prove to Plaintiff through written documentation that the military would refuse to make such payments." (Magistrate's Decision, Aug. 5, 2008). This finding is further supported by Appellant's admission in his objection that he did not send in a request to the military pay center.
 {¶ 28} We find that Appellant has failed to present sufficient evidence to establish that the trial court's purge conditions were unreasonable and impossible for him to *Page 9 
satisfy. Appellant's inability to comply with the second purge condition would have been satisfied by evidence of his attempt to comply with the third purge provision, and upon the record before us, Appellant has provided none. Appellant's first and fourth Assignments of Error are overruled.
 II., III. {¶ 29} Appellant argues in his second and third Assignments of Error that the trial court went beyond the record when it overruled Appellant's objections to the Magistrate's Decision and approved and adopted the Magistrate's Decision.
 {¶ 30} In the trial court's September 26, 2008 judgment entry, it stated, "Defendant does not contest that he failed to take any action through the military pay center." It further stated, "* * * Defendant's failure to make any effort to request action from the military pay center * * *." Appellant argues that the magistrate did not make these factual findings in his decision and because no transcript of the hearing was filed, the trial court abused its discretion by making these new factual findings in its decision.
 {¶ 31} Appellant is correct when he states that if an objecting party fails to file a transcript, the magistrate's findings of fact are considered established. As noted above, however, in his objection to the Magistrate's Decision, Appellant stated, "he did not send such a request to the military pay center." The Magistrate's Decision further states that Appellant did not prove to Appellee through written documentation that the military would refuse to make the payments. Based upon the forgoing, we find Appellant incorrectly categorizes the trial court's statements as new factual findings and therefore we can find no abuse of discretion. Appellant's second Assignment of Error is overruled. *Page 10 
 {¶ 32} Appellant argues in his third Assignment of Error that his due process protections were violated because the trial court considered matters outside the record when determining whether the ten-day jail sentence was reasonable. Specifically, Appellant states that the trial court's consideration of Appellant's prior contempt violations and the financial status of the Appellee were facts not discussed by the magistrate and therefore were improper for the trial court's determination of sentence.
 {¶ 33} An appellate court reviews the punishment imposed for contempt under an abuse of discretion standard as well. Montgomery v.Montgomery, 4th Dist. Nos. 03CA2923, 03CA2925, 2004-Ohio-6926, ¶ 35. Upon review of the trial court's decision, we cannot find the trial court abused its discretion in approving and adopting the Magistrate's Decision. In its September 26, 2008 judgment entry, the trial court stated,
 {¶ 34} "Defendant does not contest that he failed to take action through the military pay center. He has further failed to make up the difference in Plaintiff's reduced benefits. Further review of the case history demonstrates that Defendant has previously been found in contempt for failing to abide by the Court's Orders, resulting in financial loss to the Plaintiff. Given the pattern of non-compliance, Defendant's failure to make any effort to request action from the military pay center, and the fact that Plaintiff remains financially damaged, the ten (10) day sentence imposed by the Magistrate is reasonable and appears to this Court to be necessary and appropriate to get Defendant's attention."
 {¶ 35} Due process must be observed in both civil and criminal contempt proceedings. Turner v. Turner (May 18, 1999), Franklin App. No. 98AP-999; Mosler, Inc. v. United Automobile, Aerospace AgriculturalImplement Workers of America, *Page 11 Local 1862 (1993), 91 Ohio App.3d 840, 843. Due process and the statutory provisions of R.C. 2705.03 mandate that one accused of indirect contempt be provided "adequate notice, time to prepare any defense and an opportunity to be heard." Turner, supra, quoting Rose v.Rose (Mar. 31, 1997), Franklin App. No. 96APF09-1150. More particularly, "due process requires that the alleged contemnor has the right to notice of the charges against him or her, a reasonable opportunity to defend against or explain such charges, representation by counsel, and the opportunity to testify and to call other witnesses, either by way of defense or explanation. Id., citing Courtney v. Courtney (1984),16 Ohio App.3d 329, 332.
 {¶ 36} In the magistrate's findings of fact, the magistrate states, "Not only has he done nothing to apprise Plaintiff about whether the payment will be made through the military, Defendant has also not directly paid the amounts owed each month to Plaintiff." (Magistrate's Decision, Aug. 5, 2008). The trial court reiterated this finding of fact in this judgment entry. As Appellant did not file a transcript of the evidentiary hearing in this matter, we must find that this fact has been established and it cannot be attacked on appeal.
 {¶ 37} In approving and adopting the ten-day jail sentence set forth in the Magistrate's Decision, the trial court did partially rely upon the history of the case. The court has the power to take judicial notice of its own records and judicial notice of its own actions in earlier proceedings of the same case. Diversified Mortgage Investors, Inc. v.Athens Cty. Bd. of Revision (1982), 7 Ohio App.3d 157, 159,454 N.E.2d 1330. We find the trial court's approval of the magistrate's imposition of sentence was not *Page 12 
based fully upon the prior case history; as such, we cannot find the trial court's partial reliance upon those facts to be an abuse of discretion in this case.
 {¶ 38} Appellant's third Assignment of Error is overruled.
 {¶ 39} Accordingly, the judgment of the Richland County Court of Common Pleas, Domestic Relations Division, is affirmed.
Delaney, J., Wise, P.J. and Edwards, J., concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant. *Page 1