OPINION *Page 2 
{¶ 1} Plaintiff Gerling Associates, Inc. appeals a judgment of the Municipal Court of Delaware County, Ohio, which sustained in part and overruled in part the objections to the magistrate's decision filed by defendant-appellee S R Services, Inc. Appellant assigns four errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FOUND THAT THE MAGISTRATE IMPROPERLY DETERMINED THE FACTUAL ISSUES AND IN APPROPRIATELY APPLIED THE LAW.
 {¶ 3} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ORDERED A RECOVERY ON THE EARL MILLER (sic) WHEN THE AMOUNT `IS NOT EASY TO CALCULATE,' AND THERE WAS NO CLEAR EVIDENCE IN THE RECORD AS TO THE HOURS WORKED FORCING THE TRIAL COURT THROUGH CONJECTURE PROCEED (sic) TO CALCULATE AN ACCOUNT THAT WAS NOT IN COMPLIANCE WITH THE CONTRACT OR SUPPORTED BY THE EVIDENCE.
 {¶ 4} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FOUND THAT THE RECORD DEVOID (sic) OF EVIDENCE AS TO THE "RING OUT" WORK ON THE KENTUCKY STATE CONTRACT AND SEEMED TO RELY ON UNSWORN `INFORMATION PRESENTED TO ME BY THE PARTIES FOLLOWING THE ISSUANCE OF THE MAGISTRATE'S DECISION.
 {¶ 5} "IV. THE DEFENDANT/APPELLEE FAILED TO FILE ITS OBJECTIONS OR ITS MOTION FOR EXTENSION WITHIN THE FOURTEEN DAYS ALLOWED BY CIV. R. 53 AND FAILED TO SUBMIT A TRANSCRIPT OF THE PROCEEDINGS OR FILE A MOTION TO SUBMIT SOME ALTERNATE MEDIA." *Page 3 
 {¶ 6} The matter was referred to a magistrate, who conducted a bench trial, and on June 23, 2008, entered a decision with findings of fact and conclusions of law. The magistrate found appellant builds custom trucks for live remote television broadcasting in the United States and around the world. Each vehicle is designed and built to custom specifications to suit the unique requirements of each buyer. The trucks may vary in length from as little as 13 feet to more than 300 feet, depending on the needs and resources of the buyer.
 {¶ 7} After contracting with a buyer, appellant hires a consulting electronics engineer to design the technical systems of the truck including audio, video, intercom, input-output panels, rack elevations, satellite, and other systems according to the needs and desires of the buyer. Appellant's technicians determine the size of the truck required for installation of the electronic equipment, and the consulting engineer confers with the buyer in order to develop a system design and determine the specific electronic components required for the system. The engineer submits "rack elevations" which show where in each rack each component should be located, along with a highly detailed multi-page set of schematic drawings showing how all the electronic components interconnect.
 {¶ 8} Appellant's technicians then obtain a road-ready box truck of the appropriate size equipped with nothing but a temporary driver's seat. Appellant's technicians build out the seating, lighting, racks, and environmental systems required for the vehicle. Some buyers acquire and install all the components in the truck after the appellant builds out the truck and racks, but in other cases, appellant acquires and *Page 4 
installs all the required components according to the designs prepared by the consulting engineer.
 {¶ 9} After all the components are installed in the vehicle, the next construction phase is the "ring out", where all the connections, wires, and functions of each electric component and system of the vehicle are tested for proper installation and operation. Thereafter, the vehicle is ready for the client to use.
 {¶ 10} This case involves problems with trucks built pursuant to two separate contacts, the Earl Miller contract and the Kentucky State contract, for which appellant hired appellee to be the consulting engineer. Appellant and appellee each argued it was the other party's errors which caused the problems.
 {¶ 11} Appellee filed a counterclaim seeking additional compensation not originally in the written contracts, based on additional services. Appellee had previously granted certain discounts on the truck, as an unconditional accommodation to appellant. The magistrate found appellee could not recover the amount previously discounted.
 {¶ 12} On June 23, 2008 the magistrate filed his decision. In it, the magistrate made extensive findings of fact, concluded the preponderance of evidence did not support either party's claims, and dismissed both the complaint and counterclaim.
 {¶ 13} On July 7, 2008, appellee filed a motion to extend the time to file its objections to the magistrate's decision, and ultimately filed its objections on July 21, 2008.
 {¶ 14} On August 11, 2008, the trial court entered its judgment entry sustaining in part and overruling in part the objections to the magistrate's decision. The court stated it had undertaken an independent review of the objected matters to determine whether *Page 5 
the magistrate properly decided the factual issues and appropriately applied the law. The trial court discussed the evidence at some length, and concluded appellee should prevail on its counterclaim regarding both contracts.
 IV. {¶ 15} In its fourth assignment of error, appellant argues appellee failed to file its motion for extension of time within fourteen days allowed by Civ. R. 53. Appellant also argues appellee failed to submit a transcript of the proceedings for the trial court's review. Appellant submitted a video recording of the bench trial before the magistrate.
 {¶ 16} The record shows appellee filed its motion for extension of time on July 7, 2008, and the certificate of service also states it was served on appellant on July 7. This is within the fourteen days allowed by Civ. R. 53, see Civ. R. 6. The trial court specifically found appellee's objections were timely.
 {¶ 17} Appellant argued to the court appellee had not submitted a proper transcript with its objections. The court did not make a specific finding in this regard, but stated it had watched and listed to portions of the recording of the trial proceedings cited in the written objections.
 {¶ 18} Appellee concedes it did not submit a written transcript with its objections, but asserts Civ. R. 53 does not require a written transcript. While App. R. 9 requires a typed or printed transcript in addition to a video recording, the Local Rules of Practice of the Delaware Municipal Court has no similar requirement. Local Rule number 6 provides a video tape is considered a certified transcript. *Page 6 
 {¶ 19} We find the record demonstrates appellee filed its motion for extension of time within the 14 days allowed by Civ. R. 53, and submitted a transcript of proceedings acceptable to the trial court.
 {¶ 20} The fourth assignment of error is overruled.
 III {¶ 21} In its third assignment of error, appellant argues the trial court erred as a matter of law by considering matters outside the record in reviewing the magistrate's decision regarding the Kentucky State contract.
 {¶ 22} The record contains a letter file stamped July 21, 2008, from Mr. Sherward, a non-lawyer representative of appellee. In the letter, Sherward advised the court he had reviewed the court's record and found that certain documents and exhibits which had been presented to the magistrate, had been misplaced, misfiled, or removed from the file. The letter further states while some of the evidence is intact, it is disorganized, so in order for the court to have a better understanding of Sherward's testimony, he submits the information in a better organized format.
 {¶ 23} Attached to the letter is a thick sheaf of documents including copies of e-mails, letters between the parties, invoices, and summaries of the work done. Certain of the documents have been highlighted and/or annotated.
 {¶ 24} The record does not indicate appellee filed a motion to supplement the record with the allegedly missing documents, nor did it serve a copy to opposing counsel. The trial court's opinion states: "* * * Nothing in the portions of the record identified for me in the 7/21/08 objections 7/29/08 response supports [the magistrate's] finding, however, and I conclude based on the information presented to me by the *Page 7 
parties following the issuance of the magistrate's decision that the defendant is entitled to be paid the contractually agreed rate. * * *"
 {¶ 25} We find the trial court erred in accepting and reviewing the documents supplied after the magistrate's decision was issued. While Civ. R. 53 (D)(4)(b) permits a court to hear a previously referred matter and/or take additional evidence, ex parte materials may not be considered.
 {¶ 26} The third assignment of error is sustained.
 II {¶ 27} In its second assignment of error, appellant argues the trial court erred in making an award on the Earl Miller contract, because it found the damages were "not easy to calculate."
 {¶ 28} The trial court discussed the evidence at some length. The court noted it could not compute the amount owed on the basis of the hourly rate because there was no testimony or exhibits documenting how many hours appellee performed services on the contract. The court relied instead on the invoice appellee presented to appellant, minus a discount appellee first allowed, but later withdrew. The court found no clear evidence of when the appellee billed appellant for the work, and selected October 25, 2005 as the date from which interest should run, rather than February 9, 2005 as appellee claimed.
 {¶ 29} When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 400 N.E.2d 384. Appellant has not provided this court with a transcript of proceedings conforming to App. R. 9, and our *Page 8 
review is restricted to the court's explanation of its findings and the evidence properly in the record.
 {¶ 30} We find the court did not err as a matter of law in calculating the damages and interest due appellee on the Earl Miller contract.
 {¶ 31} The second assignment of error is overruled.
 I {¶ 32} In its first assignment of error, appellant argues the court erred in modifying the magistrate's decision.
 {¶ 33} Appellant also argues the trial court did not conduct a full review of the bench trial. The court's judgment entry states it had "undertaken an independent review of the objected matters to determine whether the magistrate properly decided the factual issues and appropriately applied the law. * * * [and] watched and listened to portions of the recording of the trial proceedings that the defendant has cited in his written objections." Judgment Entry, pgs.1-2. The court does not say it only watched portions of the video transcript. Throughout the decision the court makes reference to testimony and exhibits.
 {¶ 34} Civ. R. 53 (D) provides in pertinent part:
 {¶ 35} "(3)(b)(iii) An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.* * * (emphasis added)
 {¶ 36} "(4)(d) If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake *Page 9 
an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. * * *" (emphasis added).
 {¶ 37} The Staff Notes explaining the Rule state: "The phrase `as to the objected matters' permits a court to choose to limit its independent review to those matters raised by proper objections."
 {¶ 38} Under Civ. R. 53, the parties bear the burden of providing the court with the information it needs to review the objections. The Rule clearly does not require a trial court to search through an entire transcript, including testimony irrelevant to the issues before it. We find the trial court conducted the review required by the Rule.
 {¶ 39} Because the court stated it relied on ex parte communications in deciding the Kentucky State contract, the first assignment of error is sustained in part as to that contract, supra III, but overruled as to the remainder of its judgment. *Page 10 
 {¶ 40} For the foregoing reasons, the judgment of the Municipal Court of Delaware County, Ohio, affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
Gwin, P. J., Wise, J., and Delaney, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Delaware County, Ohio, affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to be split between the parties. *Page 1