[Cite as *Mosier v. Mosier*, 2013-Ohio-3024.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DONNA E. MOSIER | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 12CA101 |
| MICHAEL L. MOSIER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
                             Common Pleas, Domestic Relations
                             Division Case No. 01-D-624


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      July 11, 2013


APPEARANCES:


For Plaintiff-Appellee          For Defendant-Appellant


THOMAS L. COLE                  HOWARD C. WHITCOMB, III.
Weldon, Huston, & Keyser, L.L.P. 127 West Perry Street, Suite 105
76 N. Mulberry Street           Port Clinton, OH 43452
Mansfield, OH 44902

*Hoffman, P.J.*

{¶1} Defendant-appellant Michael L. Mosier appeals the September 10, 2012 Judgment Entry entered by the Richland County Court of Common Pleas, Domestic Relations Division, which overruled his objections to the magistrate's June 20, 2012 decision, and approved and adopted the decision with the exception of the social security offset as the order of the court. Plaintiff-appellee is Donna E. Mosier, nka Eaton.

STATEMENT OF THE CASE AND FACTS

{¶2} The parties were divorced via Judgment Entry/Decree of Divorce filed March 6, 2003. As part of the divorce, the trial court awarded Appellee:

Fifty percent (50%) of the coverture portion of [Appellant's] Air Force and Ohio National Guard Retirement Benefits vested as of December 31, 2002. The appropriate Social Security offset to be calculated by Pension Evaluators and the Qualified Domestic Relations Order to effect said award to be prepared by Pension Evaluators with the cost to be equally divided between [Appellee and Appellant]. The Qualified Order to contain the appropriate survivorship benefits as to that portion awarded to the alternate Payee.

{¶3} A Military Qualifying Court Order ("MQCO") signed by the parties, their counsel and the presiding judge was filed on April 17, 2006. The MQCO indicated Appellant was receiving a military retirement benefit from the United States Air Force and Appellee had an interest therein. Appellee was entitled to receive $924.71/month as her portion of the retirement benefits.

**{¶4}** Appellant began receiving disability benefits on November 1, 2007. As a result, Appellee's portion of the retirement benefits was reduced to $740.29/month. Appellee filed a motion in contempt based upon Appellant's failure to comply with the MQCO on November 27, 2007. Specifically, Appellee asserted Appellant should be held in contempt for failing to directly pay her $184.42/month to neutralize the effect of Appellant's receipt of disability benefits. Following a hearing, the magistrate found Appellant in contempt. The magistrate imposed a jail sentence of ten-days but provided Appellant with the opportunity to purge the contempt by satisfying three conditions. Appellant filed objections to the magistrate's decision, which the trial court overruled. The trial court approved and adopted the magistrate's decision as order of the court.

**{¶5}** On July 10, 2008, Appellee filed a motion asking the trial court to impose the contempt order. Following a hearing, the magistrate found Appellant had not demonstrated any defense for his failure to satisfy the second and third purge conditions. The magistrate imposed the ten-day jail sentence upon Appellant. Appellant filed objections to the magistrate's decision, which the trial court overruled. Appellant filed an appeal to this Court, which affirmed the trial court's decision. *Mosier v. Mosier*, 5th Dist. No. 2008 CA 0103, 2009 -Ohio- 1195.

**{¶6}** On January 9, 2012, Appellant filed a motion for relief from judgment pursuant to Civ. R. 60(B)(4) and (5). The parties stipulated the motion would be submitted on the briefs and no further evidence would be heard. Via Decision filed June 20, 2012, the magistrate denied Appellant's motion for relief from judgment. Appellant filed objections. The trial court overruled Appellant's objections and adopted the magistrate's decision with one exception:

The Court does not adopt the Magistrate's finding that the military order failed to include an appropriate social security offset as required by the Decree. There was insufficient, if any, evidence submitted by [Appellant] to demonstrate that Pension Evaluators did not calculate the appropriate Social Security [sic] offset. There was also insufficient, if any, evidence submitted to demonstrate that the appropriate social security offset was anything other than zero. September 10, 2012 Judgment Entry at 25.

**{¶7}** It is from this judgment entry Appellant appeals, assigning as error:

**{¶8}** "I. THE TRIAL COURT'S DENIAL OF DEFENDANT-APPELLANT'S CIV.R. 60(B) MOTION WAS INCONSISTENT AND CONTRARY TO CURRENT CASE LAW AND IS UNSUPPORTED BY SUFFICIENT CREDIBLE FACTS AND/OR THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED TO THE TRIAL COURT FOR REVIEW."

I

**{¶9}** Civ. R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the

judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

**{¶10}** A movant for relief from judgment under Civ. R. 60(B) must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. The movant must submit factual material with his motion which demonstrates grounds which, if true, would constitute a defense to the action. *Matson v. Marks*, 32 Ohio App.2d 319, 327, 291 N.E.2d 491 (1972). The motion must be supported with evidence of at least affidavit quality. *East Ohio Gas v. Walker*, 59 Ohio App.2d 216, 220, 394 N.E.2d 348 (1978). Where the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment, the court must assign the matter for evidentiary hearing. *BancOhio Natl. Bank v. Schiesswohl*, 51 Ohio App.3d 130, 554 N.E.2d 1362 (1988), paragraph one of the syllabus, 51 Ohio App.3d 130, 554 N.E.2d 1362. Bare assertions of fact do not entitle

the movant to relief or to a hearing on the motion to set aside the judgment. *Mount Vernon Farmer's Exchange v. McKee,* 5th Dist. App. No. 98-CA-27 (Citations omitted).

**{¶11}** The question of whether a motion for relief from judgment should be granted is entrusted to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Strack v. Pelton* (1994), 70 Ohio St.3d 172 (1994).

**{¶12}** Assuming, arguendo, Appellant is able to establish the first two prongs of the *GTE Automatic Elec.* test, we, nonetheless, find the trial court did not abuse its discretion in denying the motion as such was not made within a reasonable time. Appellant filed his motion for relief from judgment almost six years after the filing of the MQCO.  Appellee filed her motion in contempt on November 27, 2007.  At that point, Appellant should have been aware of any alleged inconsistencies between the divorce decree and the MQCO.

**{¶13}** Appellant's sole assignment of error is overruled.

**{¶14}** The judgment of the Richland County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY


_____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DONNA E. MOSIER                          :
                                         :
    Plaintiff-Appellee               :
                                         :
-vs-                                     :              JUDGMENT ENTRY
                                         :
MICHAEL L. MOSIER                        :
                                         :
    Defendant-Appellant              :              Case No. 12CA101


    For the reason stated in our accompanying Opinion,    the judgment of the

Richland County Court of Common Pleas, Domestic Relations Division, is affirmed.

Costs assessed to Appellant.


                                            _____
                                            HON. WILLIAM B. HOFFMAN


                                            _____
                                            HON. PATRICIA A. DELANEY


                                            _____
                                            HON. CRAIG R. BALDWIN