[Cite as *Parrish v. Parrish*, 2015-Ohio-4560.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| JERRY L. PARRISH | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15CA4 |
| HEIDI PARRISH AKA HEIDI | : |  |
| BARRETT | : |  |
|  | : | O P I N I O N |
| Defendant-Appellee |  |  |

CHARACTER OF PROCEEDING:          Appeal from the Knox County Court of
                                  Common Pleas, Juvenile Division, Case
                                  No. 214-3036

JUDGMENT:                         Affirmed in part; reversed and remanded in
                                  part

DATE OF JUDGMENT ENTRY:           October 30, 2015

APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

HARLOW WALKER                           HEIDI PARRISH (a.k.a. BARRETT) Pro Se
120 1/2 East High Street                6 McGibney Road
Mount Vernon, OH 43050                  Mount Vernon, OH 43050

*Gwin, P.J.*

**{¶1}** Appellant appeals the February 3, 2015 and the February 6, 2015 judgment entries of the Knox County Court of Common Pleas, Juvenile Division.

*Facts & Procedural History*

**{¶2}** Appellant Jerry Parrish is the father of the minor child, C.P., born on September 19, 2005. Appellee Heidi Parrish aka Heidi Barrett is the mother of C.P. On March 7, 2014, appellant filed a complaint for allocation of parental rights and responsibilities and parenting time. In September of 2014, a social worker completed a home study on each appellant and appellee. A magistrate held a hearing on appellant's complaint on November 4, 2014.

**{¶3}** The magistrate issued a decision on December 22, 2014. The decision stated, in part:

In consideration of the testimony and evidence presented herein, and in consideration of Sections 2151.23 and the relevant sections of Chapter 3119, 3121, 3123, and 3125 of the Revised Code, the Court hereby FINDS and ORDERS:

1. Plaintiff, Jerry Parrish, is the residential parent and legal custodian of [C.P.], the minor child herein, born on September 19, 2005 pursuant to Section 3109.042 of the Revised Code.

2. Defendant, Heidi Parrish aka Heidi Barrett, as Obligor, shall pay child support to Plaintiff, Jerry Parrish, as Obligee, in the amount of $50.00 per month * * * effective March 7, 2014.

{¶4} Additionally, the magistrate's decision required appellee to actively seek full-time employment. The magistrate granted appellee parenting time each week from Wednesday after school to Friday. The trial court judge adopted and signed the December 22, 2014 magistrate's decision.

{¶5} On January 5, 2015, appellee filed a letter with the trial court stating that she was "filing an objection to the Magistrate's Decision in the case of legal custody of [C.P.]." Appellee included information concerning C.P.'s daily life, her medical conditions, and the insurance/bills of C.P. Appellee stated that she is a stay-at-home mother and thus has no need to find employment. Finally, appellee stated that she feels it "is in our daughter's best interest that I be named her legal and residential parent." Attached to appellee's letter is a document from American Health Network regarding a counseling session and a police report appellee filed regarding allegedly finding marijuana in her daughter's pocket when appellant dropped her off. Appellant filed a letter on January 15, 2015 responding to appellee's letter. Attached to appellant's letter is a document from C.P.'s teacher, a document from Knox County Department of Job and Family Services, and a document from the American Health Network.

{¶6} The trial court issued a judgment entry on February 3, 2015, stating that, "the Court has reviewed the Magistrate's Decision and Objections thereto." The trial court ordered that: (1) appellee be designated the residential parent and legal custodian of C.P., (2) the parties shall develop a parenting schedule, and (3) the order for appellee to seek work is vacated and the prior order of child support for appellant is reinstated. The trial court issued a nunc pro tunc judgment entry on February 6, 2015 to

include a parenting time schedule for appellant. The remainder of the judgment entry was the same as the February 3rd judgment entry.

{¶7} Appellant appeals from the February 3 and February 6 judgment entries of the Knox County Common Pleas Court, Juvenile Division, and assigns the following as error:

{¶8} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR, THEREBY VIOLATING APPELLANT'S PROCEDURAL DUE PROCESS RIGHTS, BY ACCEPTING AND RULING ON APPELLEE'S UNSWORN WRITTEN STATEMENT AS A TIMELY AND PROPER OBJECTION TO THE MAGISTRATE'S DECISION, WHEN THE OBJECTION FAILED TO "...STATE WITH PARTICULARITY ALL GROUNDS FOR OBJECTION" AS REQUIRED BY JUV. R. 40(D)(3)(b)(ii).

{¶9} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR, THEREBY VIOLATING APPELLANT'S PROCEDURAL DUE PROCESS RIGHTS, BY ACCEPTING AND RULING ON APPELLEE'S UNSWORN WRITTEN STATEMENT AS A TIMELY AND PROPERLY OBJECTION TO THE MAGISTRATE'S DECISION, WHEN THE OBJECTION WAS NOT "SUPPORTED BY A TRANSCRIPT OF ALL THE EVIDENCE SUBMITTED TO THE MAGISTRATE RELEVANT TO THAT FINDING..." AS REQUIRED BY JUV. R. 40(D)(3)(b)(iii).

{¶10} "III. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR, THEREBY VIOLATING APPELLANT'S PROCEDURAL DUE PROCESS RIGHTS, WHEN IT RULED ON APPELLEE'S OBJECTION WITHOUT FIRST REVIEWING A TRANSCRIPT OF THE EVIDENCE TO "...UNDERTAKE AN

INDEPENDENT REVIEW AS TO THE OBJECTED MATTER..." AS REQUIRED BY JUV. R. 40(D)(4)(d).

{¶11} "IV. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR, THEREBY VIOLATING APPELLANT'S PROCEDURAL DUE PROCESS RIGHTS, BY ACCEPTING APPELLEE'S UNSWORN WRITTEN STATEMENT AS "ADDITIONAL EVIDENCE" UPON WHICH TO RULE ON APPELLEE'S OBJECTION TO THE MAGISTRATE'S DECISION IN VIOLATION OF JUV.R. 40(D)(4)(d).

{¶12} "V. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR, THEREBY VIOLATING APPELLANT'S PROCEDURAL DUE PROCESS RIGHTS, BY FAILING TO CONSIDER THE RELEVANT FACTORS REQUIRED OF R.C. 3109.04(F)(1) FOR A COURT TO DETERMINE THE BEST INTEREST OF A CHILD WHEN ALLOCATING PARENTAL RIGHTS AND RESPONSIBILITIES."

{¶13} A decision to modify, affirm, or reverse a magistrate's decision lies within the sound discretion of the trial court and should not be reversed on appeal absent an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989).

I.

{¶14} Appellant first argues that the trial court abused its discretion by accepting and ruling on appellee's letter as a timely and proper objection to the magistrate's decision. We disagree. Juvenile Rule 40(D)(3)(b)(ii) provides that "an objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." In this case, appellee's letter specifically objected to the portion of the

magistrate's decision naming appellant as the residential and legal parent, the portion of the magistrate's decision awarding child support to appellant, and the portion of the magistrate's decision requiring her to seek employment.  Accordingly, appellant's first assignment of error is overruled.

IV.

{¶15}  Appellant contends the trial court erred by accepting appellee's unsworn statement as "additional evidence" upon which to rule on her objection to the magistrate's decision.  We disagree.  Juv.R. 40(D)(4)(b) provides that "a court may adopt or reject a magistrate's decision in whole or in part, with or without modification.  A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate."  "The use of the word 'may' in the statute indicates the court has discretion to decide whether to hear additional evidence after the parties submit objections."  *Normandy Place Assn. v. Beyer*, 2 Ohio St.3d 102 (1982); *Wallace v. Taylor*, 5th Dist. Licking No. 00CA71, 2001 WL 17826554 (April 16, 2001).  Accordingly, when a trial court hears or does not hear additional evidence, we review this decision under an abuse of discretion standard.  *Id.*

{¶16}  This Court has previously found that when a trial court hears additional evidence, ex parte materials may not be considered.  *Gerling & Associates, Inc. v. S&R Services, Inc.*, 5th Dist. Tuscarawas No. 2008-CA-0054, 2009-Ohio-1897.  However, in this case, it is clear from appellant's response to appellee's objections that he had a copy of the letter and attached materials.  Further, appellant responded to appellee's objections with his own unsworn statement and attached materials.  Finally, the trial

court did not state in its judgment entry that it was considering the unsworn statement as "additional evidence." Appellant's fourth assignment of error is overruled.

## II., III., V.

**{¶17}** Appellant's second, third, and fifth assignments of error are interrelated. Appellant argues that since the trial court did not first review the transcript of the hearing before the magistrate, the trial court did not undertake an independent review as to the objected matters. Further, that the trial court failed to conduct a review of the factors in R.C. 3109.04(F)(1) for a court to determine the best interest of a child when allocating parental rights and responsibilities.

**{¶18}** Pursuant to Juvenile Rule 40(D)(4)(d), if timely objections to a magistrate's decision are filed, the court "shall rule on those objections" and, in so ruling, "the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." We presume the trial court conducted an independent analysis in reviewing a magistrate's decision and the party claiming the trial court did not do so bears the burden of rebutting the presumption; simply because a trial court adopts a magistrate's decision does not mean that the trial court failed to exercise independent judgment. *Williams v. Tumblin*, 5th Dist. Coshocton No. 2014CA0013, 2014-Ohio-4365.

**{¶19}** Juvenile Rule 40(D)(3)(b)(iii) provides that "an objection to a factual finding, whether or not specifically designated as a finding of fact * * * shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding." In this case, at least a portion of appellee's objections to the magistrate's decision with regard to custody, child support, and order of employment were questions

of fact.  Appellee did not file a transcript and the transcript was only filed for purposes of appeal.  Absent a transcript of proceedings, a trial court is limited to an examination of the conclusions of law and recommendations in light of the accompanying findings of fact, unless the trial court elects to hold further hearing.  *In the Matter of Bunting*, 5th Dist. Delaware No. 99CAF03012, 2000 WL 93674 (Jan. 11, 2000).

{¶20}  In this case, the trial court did not state that it independently reviewed the facts of the case.  Based upon the decision of the trial court rejecting the magistrate's decision, the trial court made factual determinations different from that of the magistrate with regards to child support, order to seek work, and the determination of legal custodian, without reviewing the transcript or holding a further hearing.  Neither the trial court nor the magistrate made any findings of fact or identified the applicable law with regards to the best interest of the child.  See *Oliver v. Arras*, 5th Dist. Tuscarawas No. 2001 AP 00 0105, 2002-Ohio-1590.  Accordingly, upon the facts in this case, we find appellant rebutted the presumption of independent analysis.

{¶21}  Additionally, we find that the trial court failed to specifically rule on the objections to the magistrate's decision before modifying and rejecting this decision.  Juvenile Rule 40(D)(4)(d) requires the court to rule on objections to the magistrate's decision.  We have previously held in *Dorton v. Dorton*, that, because of the mandatory language utilized in the rule and the chronology of the rule's requirements, a trial court is required to specifically rule on objections to a magistrate's decision before adopting, rejecting, or modifying said decision.  5th Dist. Delaware No. 99CAF11061, 2000 WL 699666 (May 22, 2000).  In this case, the judgment entry stated the trial court "reviewed the magistrate's decisions and objections thereto," but failed to rule on said objections

as the trial court failed to specifically state whether it is overruling or sustaining all, any, or part of the objections, as required by the rule. *Id.*; *O'Brien v. O'Brien*, 5th Dist. Delaware No. 02-CA-F-08-038, 2003-Ohio-2893.

{¶22} Therefore, we sustain appellant's Assignments of Error II., III., and V. and remand this matter to the trial court to specifically rule on the magistrate's objections and conduct an independent review of the magistrate's decision in accordance with Juv.R. 40(D)(4)(d). In the event the trial court reviews objections with regards to factual determinations, the trial court should consider the objections in accordance with the transcript of the proceedings, which is now part of the record. See *Frank v. Frank*, 5th Dist. Morrow No. CA-855, 1998 WL 351387 (June 5, 1998). Assignments of Error I. and IV. are overruled.

By Gwin, P.J., and

Farmer, J., concur;

Hoffman, J., concurs in part;

dissents in part

*Hoffman, J., concurring in party and dissenting in part*

**{¶23}** I concur in the majority's analysis and disposition of Appellant's first assignment of error.

**{¶24}** I respectfully dissent from the majority's disposition of Appellant's fourth assignment of error. While Appellant may have indeed had a copy of Appellee's letter and attached material and responded reciprocally with his own unsworn statement and attached materials, the letters clearly were ex-parte communications and not made under oath nor subject to cross-examination. While the trial court may not have stated in its judgment entry it considered the unsworn statement(s) and/or attachments as "additional evidence", I find the fact trial court reversed the same magistrate's orders it had previously approved on December 22, 2014, clearly demonstrates the trial court did consider Appellee's letter and attachments.

**{¶25}** I would sustain Appellant's fourth assignment of error.

**{¶26}** Finally, while I agree with the majority's decision to sustain Appellant's second, third and fifth assignments of error, I think it necessary to state my disagreement with part of its analysis.

**{¶27}** Unlike the majority, I do not find the trial court made "factual determinations" different from that of the magistrate. Because no transcript was provided by Appellee with the objections, the trial court had to accept any factual

findings made by the magistrate.[1]  However, the trial court is free to enter its own legal conclusions after its independent review.

**{¶28}** The majority also finds the trial court failed to specifically state whether it was sustaining or overruling Appellee's objections.  While I concede the trial court may not have used the terminology "sustained" or "overruled" as to each specific objection, I find the fact it clearly and specifically reversed the magistrate's decision regarding each of Appellee's three objections satisfies Juv.R. 40(D)(4)(d).

---

[1] The magistrate's factual determinations were sparse.  The magistrate's decision consists almost entirely of orders of the court.

[Cite as *Parrish v. Parrish*, 2015-Ohio-4560.]