[Cite as *Kolano v. Vega*, 2016-Ohio-356.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                        |   | JUDGES:                       |
|------------------------|---|-------------------------------|
| KEVIN KOLANO           | : | Hon. W. Scott Gwin, P.J.      |
|                        | : | Hon. William B. Hoffman, J.   |
| Plaintiff-Appellee     | : | Hon. John W. Wise, J.         |
|                        | : |                               |
| -vs-                   | : |                               |
|                        | : | Case No. 2015 AP 06 0029      |
| ALICIA VEGA FKA KOLANO | : |                               |
|                        | : |                               |
| Defendant-Appellant    | : | O P I N I O N                 |

CHARACTER OF PROCEEDING: Civil appeal from the Tuscarawas County Court of Common Pleas, Case No. 2011 TM 03 0097

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: February 1, 2016

APPEARANCES:

For Defendant-Appellee

MICHAEL JOHNSON
117 S. Broadway St.
Box 1007
New Philadelphia, OH 44663

For Plaintiff-Appellant

PAUL KELLEY
6088 St. Rt. 212
Somerdale, OH 44678

*Gwin, P.J.*

{¶1}    Appellant appeals the May 29, 2015 judgment entry of the Tuscarawas County Court of Common Pleas overruling appellant's objections to the May 1, 2015 magistrate's decision.

*Facts & Procedural History*

{¶2}    Appellant Alicia Kolano and appellee Kevin Kolano were divorced via judgment entry in 2013.   In January of 2014, appellee filed a post-decree motion for contempt based upon appellant's failure to abide by the orders set forth in the final divorce decree.   The magistrate conducted an oral hearing on the motion on February 24, 2014.

{¶3}    On March 3, 2014, the magistrate found appellant in contempt.   The magistrate sentenced her to thirty (30) days in jail, but provided her with an opportunity to purge the contempt by:  placing appellee's personal property in a storage rental unit and providing appellee with the key to the unit; reimbursing appellee for the payments he made toward the tax obligation; and paying all of the attorney fees appellee incurred in association with the tax liability as well as the prosecution of the contempt motion.

{¶4}    Appellant filed timely objections to the magistrate's decision.   On June 13, 2014, the trial court sustained, in part, and overruled, in part, appellant's objections.   The trial court found appellant in contempt for failing to hold appellee harmless on the tax liens as ordered and sentenced her to thirty (30) days in the Tuscarawas County Justice Center.   The trial court noted the sentence would be suspended upon appellant's compliance with the following purge conditions:  reimburse appellee for all payments he made towards the tax obligation, specifically the amount of $2,275, plus the expense of his tax attorney in the amount of $539.59; make immediate payment arrangements with

all tax agencies involved and maintain payments pursuant to these payment arrangements; and pay attorney fees of $887.75.

{¶5} Appellant filed an appeal from the June 13, 2014 judgment entry and argued the trial court abused its discretion: in overruling her objection to the magistrate's decision finding her in contempt for failing to hold appellee harmless on the tax liens as she did not have the means to pay those obligations (inability to pay); in ordering her to reimburse $2,275.00 to appellee for the payments he made towards the tax obligation, $539.59 for the expenses of appellee's tax attorney, and $887.75 in attorney fees for the prosecution of the contempt motion as the evidence established her inability to pay; and in failing to review its prior orders when it became aware the prior decisions lacked substantial, important, and material facts, which resulted in a violation of appellant's due process rights. The trial court ordered a motion for stay be granted effective upon the posting of a supersedeas bond in the amount of $3,703.34. No supersedeas bond was deposited by appellant.

{¶6} In *Kolano v. Kolano*, 5th Dist. Tuscarawas No. 2014AP060026, 2015-Ohio-1369, decided in April 2, 2015, this Court affirmed the trial court's decision. We found the trial court did not abuse its discretion in holding appellant in contempt; did not abuse its discretion in ordering the purge conditions as listed above despite appellant's claim of inability to pay; and appellant was not denied due process. Appellant did not appeal this Court's decision to the Ohio Supreme Court.

{¶7} On April 6, 2015, appellee filed a motion to impose sentence. The magistrate conducted a hearing on April 27, 2015. Appellee's attorney sought to impose the sentence, arguing the purge conditions were not met by appellant. Appellant testified

her non-compliance was not intentional; she now has a job making $10 per hour; and she does not have the ability to pay the amounts listed in the purge conditions. When the magistrate inquired whether appellant could serve time on the week-ends so that she could keep working, appellant responded, "That would be fine. They, they allow me to work on Saturday and Sunday also. They've been giving me overtime so it's – that's fine." On cross-examination, appellant stated she has not paid any amount to appellee under the court orders.

{¶8} The magistrate issued a decision May 1, 2015, noting that this Court affirmed the finding of the contempt and the purge conditions. The magistrate found appellant did not comply with the purge conditions; thus, the magistrate ordered appellant to report to the Tuscarawas County Justice Center to complete her thirty (30) day sentence. The magistrate noted since appellant was working during the week, she should serve this sentence on the week-ends until her time is served. The magistrate did not find it reasonable for appellant to assert she cannot afford to pay anything since she is working full-time.

{¶9} Appellant filed objections to the magistrate's decision on May 13, 2015. Appellant argued she is only earning $10 per hour, not $14 as listed by the magistrate. Further, appellant argued it was not reasonable for the magistrate to reject her defense of inability to pay. Appellant sought to introduce new evidence to the trial court regarding her employment and the requirement that she work week-ends to meet her quota.

{¶10} The trial court issued a judgment entry on May 29, 2015. The trial court noted it reviewed the electronic audio recording of the April 27th hearing. The trial court overruled appellant's motion to introduce new evidence, stating that the evidence

appellant seeks to present is not related to whether she complied with the June 2014 judgment entry and is irrelevant to whether the court should impose sentence. The trial court found appellant has been given ample opportunity to comply with the court's orders and has failed to do so. The trial court did sustain appellant's objection as to the finding that she made $14 per hour and found she made $10 per hour. The trial court adopted the remainder of the magistrate's decision as order of the court and ordered appellant to report to the Tuscarawas County Jail each week-end until her thirty (30) days sentence is served. The trial court further ordered that, upon full compliance with purge conditions, appellant's counsel may file a properly supported motion with the court, requesting that the court cancel any remaining jail time not yet served.

{¶11} Appellant appeals the May 29, 2015 judgment entry of the Tuscarawas County Court of Common Pleas and assigns the following as error:

{¶12} "I. THE TRIAL COURT ERRED ON MATTERS OF LAW BY IMPOSING A JAIL SANCTION WITHOUT ORDERING VIABLE PURGE CONDITIONS AS REQUIRED BY LAW FOR ALL CIVIL CONTEMPT SANCTIONS.

{¶13} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO HEAR APPELLANT'S ADDITIONAL EVIDENCE THAT WITH ALL DUE DILIGENCE COULD NOT HAVE BEEN PRESENTED UNTIL SHORTLY AFTER THE MAGISTRATE RENDERED HER DECISION.

{¶14} "III. IN THE EVENT THE "PURGE CONDITIONS" ARE SOMEHOW FOUND TO HAVE BEEN MEANINGFULLY OFFERED AND THUS POSSIBLE TO COMPLETE TO AVOID SERVING ANY INCARCERATION IN FINDING APPELLANT CAPABLE, THE TRIAL COURT NONETHELESS ABUSED ITS DISCRETION IN

FINDING APPELLANT CAPABLE, THOUGH WILLFULLY AVOIDING, OF PAYING THEM IN FULL TO THUS PURGE HERSELF OF THE CONTEMPT."

I.

{¶15} Appellant first argues the trial court erred by imposing a jail sanction without viable purge conditions.

{¶16} Appellant contends we should review this assignment of error de novo. We disagree. It is well-established that a reviewing court must uphold a trial court's decision in a contempt proceeding absent a showing that the court abused its discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). Further, an appellate court reviews the punishment imposed for contempt under an abuse of discretion standard. *Mosier v. Mosier,* 5th Dist. Richland No. 2008 CA 0103, 2009-Ohio-1195. An abuse of discretion connotes a judgment that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶17} Appellant contends that the April 2015 hearing was a "new" hearing and thus she should have a "new" opportunity to purge. We disagree. The question of contempt is decided at a contempt hearing, where an alleged contemnor has the opportunity to defend against the contempt charges and otherwise object to or appeal from a finding of contempt and any purge conditions. *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297.

{¶18} In this case, the trial court gave appellant viable purge conditions in 2014 by which to avoid the jail sentence. Appellant had the opportunity to defend against the contempt charges and purge conditions at hearing in February of 2014. Appellant had the opportunity to, and did, appeal from the June 2014 judgment entry finding her in

contempt and establishing purge conditions. In the previous case before this Court, appellant argued the trial court abused its discretion in finding her in contempt; in ordering the purge conditions; and in denying her due process. In *Kolano v. Kolano*, 5th Dist. Tuscarawas No. 2014AP060026, 2015-Ohio-1369, this Court affirmed the trial court's decision regarding the finding of contempt and the purge conditions established.

{¶19} The April 2015 hearing in this case was not a "new" hearing as appellant contends. Rather, the hearing was on appellee's motion to impose sentence. This hearing was not a new contempt proceeding but the conclusion of the originating contempt proceeding because its purpose was to determine whether the contemnor had satisfied the purge conditions. *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297. "If the conditions are unfulfilled, the court is entitled to enforce the sentence already imposed, the sanction that could have been avoided by the contemnor's compliance." *Id.* The jail sentence was not a new sentence or a new punishment.

{¶20} Once the trial court found appellant in contempt, set the purge conditions, and the contempt and purge conditions were affirmed by this Court, the burden is on appellant to show that she complied with the purge conditions to prevent the imposition of the suspended sentence. *State v. Mendez*, 8th Dist. Cuyahoga No. 100236, 2014-Ohio-1083. At the April 27, 2015 hearing, appellant testified that she has not paid any amount to appellee under the court orders. Further, R.C. 2705.09 provides that an appeal proceeding "shall not suspend execution of the order or judgment until the person in contempt files a bond in the court rendering the judgment, or in the court or before the officer making the order * * *." In this case, the trial court granted appellant's stay in the first appeal conditioned on her payment of the supersedeas bond. However, the bond

was never deposited and thus no stay of the purge conditions existed during the first appeal.

**{¶21}** The only remaining issue at the April 27, 2015 hearing was whether appellant fully complied with the purge conditions issued in June of 2014. She did not. Accordingly, the trial court did not abuse its discretion when it ordered appellant to serve the thirty day jail sentence. Appellant's first assignment of error is overruled.

II.

**{¶22}** Appellant next argues the trial court abused its discretion in refusing to hear appellant's additional evidence after she filed her objections to the magistrate's decision. Appellant contends she should have been allowed to introduce evidence of her new job making more than the $10 per hour she was making at the time of the April 27th hearing and evidence that serving jail time on the week-ends would harm her job performance.

**{¶23}** The trial court has discretion to decide whether to hear additional evidence after the parties submit objections to the magistrate's report. *Wallace v. Taylor*, 5th Dist. Licking No. 00CA71, 2001 WL 178654 (April 16, 2001). Accordingly, when a trial court hears or does not hear additional evidence, we review this decision under an abuse of discretion standard. *Parrish v. Parrish*, 5th Dist. Knox No. 15CA4, 2015-Ohio-4560.

**{¶24}** Upon review of the record, we find the trial court did not abuse its discretion in overruling appellant's motion to submit additional evidence. As noted by the trial court, the additional evidence appellant sought to present was not related to whether she fully complied with the June 13, 2014 order and thus not relevant to whether the trial court should impose the sentence.

**{¶25}** Appellant's second assignment of error is overruled.

III.

{¶26} Appellant finally argues that even if the purge conditions were meaningfully offered, the trial court abused its discretion in finding appellant capable and willfully avoiding paying them in full to purge herself of the contempt.

{¶27} Appellant contends that since the magistrate held a "new" hearing in April of 2015, she was entitled to a "new" determination of whether she could pay to purge the contempt. As detailed above, the purge conditions were established and upheld in appellant's previous appeal and the April 2015 hearing was not a "new" contempt hearing. Further, in the previous appeal to this Court, we found that while appellant maintained she did not have the financial means to make payments to appellee, the "evidence and the court's findings suggest otherwise." This Court affirmed the magistrate's determination appellant was voluntarily underemployed and appellant's expenses were unreasonable in light of her position that she does not have the ability to pay her court ordered payments.

{¶28} At least one court has found that any issue regarding appellant's ability to pay became res judicata once we affirmed appellant's first appeal affirming the trial court's determination that appellant was not able to pay and the only issue to determine at the purge hearing is whether appellant paid the amount ordered to purge the contempt. *Bostick v. Bostick*, 2nd Dist. Champaign No. 2014-CA-22, 2015-Ohio-455 (stating that the purge hearing was not the proper venue to introduce evidence regarding ability to pay the court-ordered obligation and the only remaining issue was whether the appellant paid to purge the contempt finding). Thus, in this case, the only issue at the April 2015 hearing

was whether appellant performed the court-ordered conditions to purge her contempt. Here, appellant testified she did not make any of the court-ordered payments.

{¶29} Further, even if appellant could again raise the issue of inability to pay at the April 2015 hearing, we find the trial court did not abuse its discretion in finding appellant did not present sufficient evidence to meet her burden of inability to pay. The burden of proving inability to pay is on the party subject to the contempt order. *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297.

{¶30} Appellant testified she could not afford to pay the amount. However, appellant stated she was working a full-time job making $10.00 per hour. Further, her statements are insufficient to satisfy her burden of proof as unsupported claims of financial difficulties are insufficient to satisfy a contemnor's burden. *King v. King*, 11th Dist. Geauga No. 2011-G-3046, 2013-Ohoi-432, citing *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297.

{¶31} Thus, we find the trial court did not abuse its discretion when it found appellant failed to comply with the purge conditions and imposed the sentence. Appellant's third assignment of error is overruled.

{¶32} Based on the foregoing, appellant's assignments of error are overruled and the May 29, 2015 judgment entry of the Tuscarawas County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur